UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IPSOS MMA, INC.,

                     Plaintiff,

    - against -

JOHN DOE,

                     Defendant.

Case No. 21-cv-8929

---

**ORDER GRANTING EX PARTE
TEMPORARY RESTRAINING ORDER**

Plaintiff Ipsos MMA, Inc. ("MMA") seeks an *ex parte* temporary restraining order pursuant to Rule 65 of the Federal Rules of Civil Procedure. According to Plaintiff, Defendant John Doe is a former employee who likely misappropriated valuable trade secrets after receiving an offer of employment with a competitor. Plaintiff alleges that Defendant downloaded certain software, including algorithms and models used when consulting for its clients, which are considered trade secrets as defined by the DTSA (the "Trade Secrets"). The evidence, Plaintiff alleges, indicates the Trade Secrets were copied to at least one USB device and potentially also to the cloud. Plaintiff further alleges these actions violated New York common law pertaining to misappropriation of trade secrets and constitute breaches of Defendant's "Fair Competition Agreement" with MMA.

Upon reviewing Plaintiff's complaint, motion, memorandum of law in support of such motion, and the accompanying declarations and exhibits of (i) Patrick Cummings, Chief Executive Officer of Ipsos MMA, Inc.; (ii) Elizabeth Osterhus, Chief People Officer of Ipsos

MMA, Inc.; (iii) Charles Wille, Manager at Stroz Friedberg; and (iv) Steven Kayman, Partner at Proskauer Rose, the Court hereby finds that:

1. Plaintiff has sufficiently alleged facts demonstrating that Defendant likely has misappropriated trade secrets in violation of the DTSA and New York common law;

2. Plaintiff is likely to succeed on the merits of its DTSA and New York common law claims;

3. As a result of Defendant's conduct, Plaintiff has suffered injury and will continue to suffer irreparable injury if Defendant is not temporarily restrained as set forth herein, and Plaintiff's losses are not yet fully known or readily calculable;

4. The irreparable harm to Plaintiff without this *ex parte* Temporary Restraining Order greatly outweighs the harm that Defendant will suffer with this Temporary Restraining Order in place;

5. The public interest will be served by the issuance of this Temporary Restraining Order;

6. Although the Court has separately ordered the seizure of Defendant's home electronics, Defendant could easily copy the Trade Secrets on to another device, other storage media, or the cloud, or destroy or otherwise alter any evidence of misappropriation and dissemination without the knowledge of Plaintiff or the Court; and

7. The Court deems that it is necessary that this Temporary Restraining Order be issued without notice to Defendant as advance notice risks the use, transmittal,

modification, deletion, or loss of the Trade Secrets, as well as evidence contained on Defendant's personal electronic devices and platforms.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant John Doe is hereby restrained and prohibited from:

1. Using, disclosing, disseminating, or transferring any of MMA's Trade Secrets or other confidential information; and

2. Destroying or otherwise altering any smart phones, tablets, desktop computers, laptop computers, disks, memory files, flash drives, hard drives, thumb drives, network or internet email or storage platforms, or other electronic devices in Defendant's possession, custody, or control that may contain MMA's Trade Secrets or confidential information.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that:

1. A copy of this Order and Plaintiff's Complaint and motion papers shall be provided by personal service at the time the separate seizure order is executed.

2. This matter is set for hearing at _____ on _____ 2021 in Courtroom _____. The purpose of the hearing shall be to allow Defendant to address any issues regarding the Temporary Restraining Order and address the search of the Defendant's home computer and any personal electronic devices or cloud platforms that may contain or relate to the Trade Secrets.

3. A party's failure to comply with the terms of this Order shall constitute and shall be punishable as contempt of this Court.

4. The Temporary Restraining Order shall expire at _____ on _____, 2021, unless extended by the Court pursuant to Fed. R. Civ. P. 65(b).

As set forth more fully herein, Plaintiff's Application for an *Ex Parte* Temporary Restraining Order is **GRANTED**.

**IT IS SO ORDERED** on this ___ day of _____, 2021.

_____

United States District Judge