

Antonia Kousoulas, Esq.
Admitted to NY and NJ Bar
akousoulas@kalawyers.com

January 24, 2022

Via ECF
Hon. Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Centre Street
New York, New York 10007

Re:  Ipsos MMA, Inc. v. Doe
     21 Civ 8929 (PAE)

Dear Judge Engelmayer:

I represent the Defendant in the above-referenced action. I submit this letter in support of Defendant's unopposed application for an Order, upon the settlement of this action, making permanent this Court's ruling of November 18, 2021, granting Defendant's request to proceed under the pseudonym of John Doe and directing the redaction of confidential information upon the unsealing of the filings in this action.

Plaintiff commenced this action under seal pursuant to Federal Rule of Civil Procedure 5.2(d), alleging in pertinent part that Defendant violated the Defend Trade Secrets Act (DTSA), 18 U.S.C. §1836, *et seq.* (Complaint, Count 1). In addition to filing the Complaint in this action under seal, Plaintiff moved this Court for an *ex parte* seizure order under the DTSA and for an *ex parte* temporary restraining order Rule 65 of the Federal Rules of Civil Procedure. Defendant complied with this Court's order to turn over his electronic devices and cloud-based information for a forensic inspection. In the interim, prior to the unsealing of the transcribed proceedings and the documents filed in this action, Defendant moved for an order allowing him to proceed in this action using a pseudonym, and keeping certain documents pertaining to Plaintiff's *ex parte* application under seal.

On November 18, 2021, this Court granted Plaintiff's application to proceed under a pseudonym and directed Plaintiff to review the transcripts, pleadings and motion papers and to change Defendant's name to John Doe, redact any personal identifying information as to the Defendant, and submit the redactions for the Court's approval prior to publicly filing and unsealing the redacted documents. (Nov. 18, 2021 Tr. pp. 9-10). Plaintiff's pleadings and motions were unsealed with the appropriate redactions to protect Defendant's identity.  To the extent this

Court noted that the ruling was without prejudice, subject to reconsideration at a later point, depending on how far the case proceeds, Defendant now moves for an order rendering this Court's November 18, 2021 ruling permanent.

Defendant submits that the same considerations set forth in this Court's ruling of November 18, 2021 continue to apply, especially in view of the fact that the parties have settled this action.[1]

The Second Circuit has enumerated a number of factors that the trial courts may consider in deciding whether a party may proceed anonymously:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities.

*Sealed Plaintiff v. Sealed Defendant #1,* 537 F.3d 185, 189-90 (2d Cir. 2008) (citations omitted) (internal quotation marks omitted).

The allegations against Defendant involve highly sensitive and personal matters that would be detrimental to his reputation and future employment prospects. Specifically, in its pleadings and motion papers, Plaintiff has accused Defendant of purloining confidential documents and trade secrets, lying to his employer, and intending to share trade secrets abroad and with a direct competitor. Notwithstanding Defendant's denials, these allegations alone would suffice to show harm.

---

[1] Upon informing the Court that parties had reached a settlement and were in the process of finalizing the terms of that settlement, on December 29, 2021, this Court issued an Order dismissing the action, without prejudice to the Plaintiff's right to re-open the action within 30 days if the settlement is not consummated. (ECF Doc. 29). The parties have since agreed on all the settlement terms and have finalized their settlement of this action.

Thus far, the Defendant's identity in this action has been kept confidential and certain confidential and identifying information in the pleadings and motion papers were redacted prior to the unsealing of this action. Given that the parties have agreed to settle this case and not continue to pursue litigation, there are no compelling reasons for this Court to reverse its November 18, 2021 order. *See Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 224 (S.D.N.Y. 2015) (with case headed to trial, key factors favor not permitting Plaintiff to continue to proceed pseudonymously, including prejudice to Defendant, who has right to subject Plaintiff to rigorous cross-examination). Here, there would be no prejudice to Plaintiff if Defendant were to maintain his anonymity with the use of a pseudonym and the redaction of identifying information, as Plaintiff is already aware of Defendant's identity, the parties have agreed to settle this action, and Plaintiff has indicated that it would not oppose this motion.

Defendant complied with this Court's turn-over order, the parties have agreed to resolve this matter, and there will be no further litigation in this action. Accordingly, the public's interest in this litigation would not be furthered by requiring Defendant to disclose his identity at this state. Finally, the DTSA's "Protection from Publicity" provision, 18 U.S.C. §1836(b)(2)(C), supports a finding in favor of Defendant's privacy interests with respect to the identifying information that Plaintiff filed in its Complaint and in support of its *ex parte* application for a seizure order.

In view of the foregoing, and for the reasons set forth in this Court's November 18, 2021 ruling, Defendant respectfully requests an order allowing him to permanently remain anonymous in this action, under the pseudonym John Doe, and directing the identifying information in the pleadings and motions filed with the Court to remain redacted.

Thank you for your consideration of this request.

Respectfully submitted,

Antonia Kousoulas

cc:   Steven M. Kayman, Esq.
      William G. Fassuliotis, Esq.
      Jordan B. Leader, Esq.
      (via ECF)