UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

IPSOS MMA, INC.,

                               Plaintiff,

          -v-

JOHN DOE,

                               Defendant.

21 Civ. 8929 (PAE)

ORDER

---------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

     Before the Court is an unopposed letter motion from the defendant, requesting leave to permanently proceed under the pseudonym of "John Doe." Dkt. 30 ("Mot."). Doe argues that, due to the serious nature of the claims of professional misconduct made against him but never established by plaintiff Ipsos MMA, Inc. ("Ipsos") and the early settlement of the action, he should be allowed to remain pseudonymous and his identifying information in the pleadings should remain redacted. For the following reasons, the Court grants the motion.

     Under Federal Rule of Civil Procedure 10(a), a complaint must "name all the parties." As the Second Circuit has explained: "This requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188–89 (2d Cir. 2008). The use of pseudonyms generally "runs afoul of the public's common law right of access to judicial proceedings, a right that is supported by the First Amendment." *Doe v. Del Rio*, 241 F.R.D. 154, 156 (S.D.N.Y. 2006). However, on a proper showing, it is within the Court's discretion to allow a party to proceed pseudonymously. *See, e.g., Doe v. Shakur*, 164 F.R.D. 359, 360 (S.D.N.Y.

1996) (collecting cases); *Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 224 (S.D.N.Y. 2015), *aff'd*, 672 F. App'x 48 (2d Cir. 2016).

The Second Circuit has identified the following non-exhaustive list of factors for district courts to consider in balancing the interests of a *plaintiff* wishing to proceed pseudonymously:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identify; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Sealed Plaintiff*, 537 F.3d at 190. A district court is not required to list each factor or balance them in any particular way, as long as it is clear that the court "balanced the interests at stake in reaching its conclusion." *Id.* at 191 n.4. District courts also have applied these factors to defendants wishing to proceed anonymously. *See, e.g.*, *Malibu Media, LLC v. John Doe No. 4, et al.*, No. 12 Civ. 2950 (JPO), 2012 WL 5987854 (S.D.N.Y. Nov. 30, 2012); *North Jersey Media Group Inc. v. John Doe Nos. 1-5 d/b/a Stoopidhousewives.com*, No. 12 Civ. 6152 (VM) (KNF), 2012 WL 5899331 (S.D.N.Y. Nov. 26, 2012); *Doe v. Doe*, No. 20 Civ. 5329 (KAM), 2020 WL 6900002 at *2 (E.D.N.Y. Nov. 24, 2020) (collecting cases).

On November 18, 2021, at a preliminary stage of the case, the Court permitted the defendant to proceed pseudonymously. *See* Dkt. 20. Based on its review and balancing of the above factors, the Court finds that pseudonymous identification of the defendant remains

2

warranted, with the case having settled promptly, including for the following reasons. First, although claims of professional wrongdoing were made against Doe, they were not established, and because the case settled, prior to formal discovery, will not be. Second, as the Court earlier noted, Doe is not a public figure, and because there will be no motions practice or other litigation, the public interest is not independently served by the disclosure of his identity. *Cf. Delta Airlines*, 310 F.R.D. at 225 (where lawsuit was proceeding to trial, "Delta could suffer concrete prejudice in several respects were Doe permitted to proceed pseudonymously"); *Del Rio*, 241 F.R.D. at 159 (noting that party's anonymity could "deprive a litigant and the court of the chance that a yet unknown witness would . . . know to step forward with valuable information about the events or the credibility of witnesses"). Third, the defendant did not initiate this matter or seek to use the litigation process for personal advantage. Fourth, Ipsos continues not to oppose this motion on any grounds, including that it may be prejudiced by Doe's pseudonymity. And fifth, thus far, Doe's identity has successfully been kept confidential. Accordingly, Doe may continue to proceed based on a pseudonym, and the appropriate redactions of his identifying information will remain in place. This case remains closed.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: January 25, 2022
New York, New York